# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7267 | **DATE** | 5/16/2001 |
| **CASE TITLE** | Atwell vs. Lisle Park District | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The motion (Doc 16-1) for leave to file an amended complaint is denied. The motion (Doc 19-1) to dismiss is denied as moot. Ruling set for June 7, 2001 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 17 2001 | |
| | Notified counsel by telephone. | date docketed | 24 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 01 MAY 16 PM 4: 12 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH E. ATWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 00 C 7267 |
| | ) | |
| LISLE PARK DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Plaintiff Sarah Atwell's contested motion for leave to file an amended complaint and Defendant Lisle Park District's alternative motion to dismiss the amended complaint. For the reasons set forth below, the motion for leave to file an amended complaint is denied and the motion to dismiss is denied as moot.

## BACKGROUND

The facts of this case, which are set forth in more detail in this Court's March 7, 2001, Memorandum Opinion granting Defendant's first motion to dismiss, can be summarized as follows. In early 1999, Plaintiff Sarah Atwell was hired by Defendant Lisle Park District (the "Park District") as its Director of Development. On April 27,

2000, the Park District initiated an internal investigation of allegations that Atwell had misused Park District funds and concealed her conduct from the Board of Park Commissioners (the "Board"). The Board suspended Atwell with pay pending the results of the investigation and instructed her to cooperate fully with the attorney it had hired to conduct the investigation. Atwell then learned that the DuPage County State's Attorney's Office had convened a grand jury to investigate the allegations against her.

On the advice of her attorney, Atwell refused to participate in an interview with the Park District's investigator, purportedly invoking her constitutional privilege against self-incrimination. The Park District terminated her, citing two reasons: Atwell's "failure and refusal to cooperate fully and truthfully with the Park District's internal investigation" and her "knowing or negligent" receipt of salary payments in excess of the budgeted amount. Atwell appealed the decision in a four-page letter to the President of the Board, but her appeal was denied.

On November 17, 2000, Atwell filed suit against the Park District, alleging violations of her Fifth and Fourteenth Amendment rights and state law retaliatory discharge. We dismissed the complaint on the Park District's motion. We first found that the Park District had no duty to inform Atwell, prior to terminating her, that any statements she made to the investigator could not be used against her in future criminal proceedings. See Garrity v. New Jersey, 385 U.S. 493, 87 S. Ct. 616 (1967). Such a

duty does not arise until the employee properly asserts her Fifth Amendment right to remain silent in response to specific questions. We found that Atwell's refusal to appear at the interview with the Park District's investigator was an improper blanket assertion of the privilege which, consequently, did not trigger the Park District's duty to inform her of her Garrity immunity. As a result, we dismissed Atwell's Fifth Amendment claim with prejudice.

We also held that the Park District had not deprived Atwell of her liberty interest in pursuing her profession without due process of law. Atwell had alleged that the Park District publicly made false statements about her alleged financial improprieties and that the statements made it almost impossible for her to continue to pursue her chosen occupation. We found that the Park District's pre-termination internal investigation and post-termination appeal procedure offered Atwell notice and a meaningful opportunity to be heard in defense of her actions. We therefore dismissed Atwell's procedural due process claim with prejudice, and relinquished supplemental jurisdiction over her remaining state law claim for retaliatory discharge.

Atwell has moved for leave to file an amended complaint. The Park District has opposed the motion, arguing that the proposed amendments would be futile. It has also filed an alternative Rule 12(b)(6) motion to dismiss in the event that leave to file the amended complaint is granted.

## LEGAL STANDARD

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure[1], a plaintiff may amend the complaint once as a matter of course at any time before a responsive pleading is served. Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. Rule 15(a). At the same time, "a district court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." Perkins v. Silverstein, 939 F.2d 463, 471-72 (7th Cir. 1991). The decision whether to grant or deny a motion for leave to amend is committed to the sound discretion of the district court. Perrian v. O'Grady, 958 F.2d 192 (7th Cir. 1992).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff

---

[1] Because we find that Rule 15(a) provides an appropriate vehicle for Atwell to press her arguments and for the Court to consider them on the merits, we deny her alternative motions for relief under Rules 59 and 60. Doe v. Howe Military School, 227 F.3d 981, 993 (7th Cir. 2000) (consideration fo Rule 59 or 60 motion lies within discretion of trial court).

and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed. R. Civ. P. 10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). It is with these principles in mind that we turn to the motion before us.

## DISCUSSION

The Park District contends that Atwell's amended complaint fails to cure the deficiencies in Counts I and II of the original pleading. It further argues that the new Count III, an equal protection claim, cannot survive a motion to dismiss, and that the state law claim for retaliatory discharge cannot independently support the filing of an amended complaint. For the reasons that follow, we agree.

### I. Privilege against self incrimination

As discussed above, the Court dismissed Atwell's Fifth Amendment claim *with prejudice* because the allegations in the original complaint established that Atwell had failed to properly assert her right to remain silent. Her blanket assertion of that right prior to questioning did not trigger the Park District's duty to inform her of her Garrity immunity, and thus her termination did not violate the Fifth Amendment. The amended complaint does not cure this deficiency. Indeed, Atwell concedes in her reply brief "that she exercised her Fifth Amendment right before her communications with Defendant reached the point of specific questions." This fact was dispositive on the Park District's first motion to dismiss, and it is dispositive here.

Atwell argues that we should ignore her failed invocation of the Fifth Amendment because, she claims, the Park District and its attorneys attempted to induce her to remain silent rather than obtaining her cooperation with the investigation. This

argument was advanced in Atwell's opposition to the Park District's first motion to dismiss, and we rejected it. Any comment by the Park District to the effect that Atwell might be advised to remain silent does not somehow trigger its duty to advise her of her Garrity immunity; only a proper invocation of the Fifth Amendment in response to specific questions could do that. See Gulden v. McCorkle, 680 F.2d 1070 (5th Cir. 1982). That Atwell may have been willing to participate, on her own terms, in the investigation is also unavailing. Atwell's initial willingness to "cooperate" cannot overshadow the fact that she *did not* cooperate but instead refused to be interviewed by the Park District's investigator.

The allegations and exhibits Atwell has added to Count I of the amended complaint are therefore immaterial; the complaint still fails to state a Fifth Amendment claim. Accordingly, we find that the proposed amended Count I suffers from the deficiencies of the original and deny Atwell's motion for leave to file an amended complaint as to Count I.

## II. Procedural due process

Atwell's Due Process Clause claim, like her Fifth Amendment claim, was dismissed with prejudice on the Park District's first motion to dismiss. We found that the pre-termination investigation in which Atwell refused to participate, in conjunction with the post-deprivation appeal Atwell took in response to her termination, were

- 7 -

adequate to provide Atwell with the hearing and meaningful opportunity to respond guaranteed to her by the Fifth and Fourteenth Amendments to the Constitution. Atwell has added several allegations to the complaint and advanced two new arguments based upon those allegations. We consider each in turn.

Atwell first attempts to cure the deficiencies in the original complaint by alleging that in terminating her, the Park District failed to follow the procedural steps defined in its Personnel Policy Manual. These allegations have no bearing on our finding that the process Atwell was provided was constitutionally adequate. The Constitution does not require that a public employer follow the precise steps outlined in its internal manuals before terminating an employee. It requires only that the procedures used be "appropriate to the nature of the case." <u>Cleveland Board of Education v. Loudermill</u>, 470 U.S. 532, 542, 105 S. Ct. 1487 (1985). We have previously held that the process the Park District afforded Atwell was appropriate under the circumstances, and that ruling is unaffected by the allegations of the proposed amended complaint.

Atwell next contends that the Park District violated her due process rights by releasing to the public information of which it had not previously given her notice. (See Amended Complaint at ¶ 52.) Atwell argues that she did not have a meaningful opportunity to respond to this "additional information." (See Amended Complaint at

¶ 53.) For constitutional due process purposes, "[n]otice is constitutionally adequate if it is reasonably calculated to apprise interested parties of the proceeding and afford them an opportunity to present their objections." Head v. Chicago School Reform Board of Trustees, 225 F.3d 794, 804 (7th Cir. 2000). Atwell admits that she was aware prior to her termination that she was under investigation for financial improprieties, including misuse of Park District funds, and that she was expected to meet with the Park District's investigator to discuss the charges against her. (See, e.g., Amended Complaint at ¶ 12 and Exh. C.) The information the Park District subsequently released to the public similarly concerned Atwell's involvement with "financial improprieties." (See Amended Complaint at ¶ 51.) Atwell was given constitutionally adequate notice of these charges. The Park District was not required to set forth each of the specific allegations against Atwell in its initial notice; the details would presumably have emerged during the investigative interview, had Atwell attended it. That she refused to do so does not alter the fact that the Park District provided her with a meaningful opportunity to speak in her own defense before any public statement was made.

In our view, the Constitution did not require the Park District to craft its post-termination comments along the precise contours of its initial notice to Atwell. Atwell has cited no legal authority for the opposite conclusion. Accordingly, we conclude that

the amended complaint fails to cure the deficiencies of the original complaint with respect to Atwell's Due Process Clause claim, and we deny the motion for leave to file an amended complaint with respect to Count II.

### III. Equal protection

The amended complaint includes a new claim for violation of Atwell's rights under the Equal Protection Clause. Atwell alleges that she was terminated for receiving a salary in excess of the amount budgeted for her position, and that other Park District employees who received over-budget salaries or bonuses were not terminated. (See Amended Complaint ¶¶ 64-70.) She claims that she was treated differently than these other employees because she "chose to exercise a fundamental right guaranteed to her by the United States Constitution," namely the privilege against self-incrimination. (See Amended Complaint ¶¶ 72 and 74.) Atwell contends that this difference in treatment constitutes a violation of her constitutional right to equal protection of the laws.

In evaluating Atwell's equal protection claim, we conduct only a rational basis review of the Park District's actions. Atwell has not claimed that she was discriminated against on the basis of her membership in a traditionally protected class. See, e.g., New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1481-82 (7th Cir. 1990). Nor is she entitled to the strict scrutiny we apply to

government actions that implicate fundamental rights. As we have explained at length in this and our earlier opinions, Atwell did not properly exercise her Fifth Amendment right to remain silent in response to specific questions. Instead, she simply refused to participate in the Park District's investigation of the charges against her. This behavior was not legally protected, and the Park District's reaction to it need only have some rational basis in order to be constitutional. See Turner v. Glickman, 207 F.3d 419, 424 (7th Cir. 2000).

In applying the rational basis standard, we presume that the Park District's actions were constitutional. Wroblewski v. City of Washburn, 965 F.2d 452, 459 (7th Cir.1992). Atwell's termination "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the [decision]." City of Chicago v. Shalala, 189 F.3d 598, 606 (7th Cir. 1999). The exhibits to the amended complaint supply such a rational basis. In its letter of termination, the Park District informed Atwell that aside from the salary questions she was being terminated because her "failure and refusal to cooperate fully and truthfully with the Park District's internal investigation constitutes insubordination and failure to comply with a Park Board directive, and conduct contrary to the best interest of the Park District." (Amended Complaint at Exh. I.) None of the "similarly situated"

employees Atwell has identified was ordered, and refused, to cooperate in an internal investigation of his or her conduct.

The investigation of alleged financial improprieties by a Director of Development is unquestionably a legitimate governmental purpose. The termination of an employee who deliberately impedes such an investigation is rationally related to that purpose. These facts in combination supply a rational basis for the Park District's allegedly disparate treatment of Atwell and her co-workers who received over-budget salaries. Accordingly, Atwell cannot demonstrate that there is no reasonably conceivable state of facts that could provide a rational basis for the Park District's decision to terminate her. Her equal protection claim would therefore not survive a motion to dismiss, and we deny the motion for leave to file an amended complaint as to Count III.

### IV. Retaliatory Discharge

Atwell's sole remaining claim alleges state law retaliatory discharge. In the absence of any viable federal claims, this claim alone cannot justify the filing of the amended complaint and the continued exercise of federal jurisdiction. We therefore deny the motion to file an amended complaint with respect to Count IV without addressing the merits the retaliatory discharge claim.

## CONCLUSION

For the foregoing reasons, the motion for leave to file an amended complaint is denied. The motion to dismiss is denied as moot.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: May 16, 2001